IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Koon, ) | C/A No. 8:06-2000-RBH |
| ) | |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Jon Ozmint, James Sligh, Warden Padula, ) | |
| and Joseph Ubah, LCI  Dentist, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, *pro se*, instituted this action pursuant to 42 U.S.C. § 1983 on July 12, 2006. At the time, he was confined in the Special Management Unit (SMU) of Lee Correctional Institution. The plaintiff alleges that SCDC Policy No. OP-22.12, section 31, is violative of the First Amendment.[1] Specifically, the plaintiff challenges the SMU policy limiting access to books and magazines.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02  D.S.C.,  this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On January 17, 2007, defendants Ozmint, Sligh, and Padula filed a motion for summary judgment.  On January 18, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order advising the plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately.  Plaintiff filed a response to the motion for summary judgment on February 6, 2007.  The matter is before this Court on the Report and Recommendation of Magistrate Judge Hendricks, which was issued  on April 16, 2007.  After analyzing the issues presented in this case the

---

[1] Plaintiff also alleges an Eighth Amendment claim which is still pending, as the defendant dentist, Dr. Ubah, was only recently served.

Magistrate Judge recommended that this Court grant the defendants' motion for summary judgment. The plaintiff filed objections to the Report on May 1, 2007.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Court has reviewed the complaint, Report and Recommendation by the Magistrate Judge, the applicable law, and the plaintiff's objections. On the basis of the authorities cited by the Magistrate Judge and this Court's review of the record, the Court overrules all objections, adopts the Report of the Magistrate Judge, and incorporates it into this Order by reference.

The Motion for Summary Judgment by defendants Ozmint, Sligh, and Padula is **GRANTED**. The case is recommitted to the Magistrate Judge for further proceedings as to defendant Ubah.

**IT IS SO ORDERED.**

                                         s/ R. Bryan Harwell
                                         R. Bryan Harwell
                                         United States District Judge

May 18, 2007
Florence, South Carolina