IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Koon,               ) | |
| ) | Civil Action No. 8:06-2000-RBH-BHH |
| Plaintiff,         ) | |
| ) | |
| v.                         ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Joseph Ubah, LCI Dentist,  ) | |
| ) | |
| Defendant.         ) | |
| ) | |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on July 12, 2006, seeking damages for alleged civil rights violations.[1] On August 13, 2007, the defendant filed a motion for summary judgment. On August 14, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed an

---

[1] Originally, the plaintiff raised additional claims against several defendants. However, on May 18, 2007, these other defendants were granted summary judgment on the claims against them. (Docket Entry #40). Dr. Ubah remains as the sole defendant.

affidavit in opposition to the defendant's summary judgment motion on September 26, 2007.

## FACTS PRESENTED

The plaintiff is currently an inmate with the South Carolina Department of Corrections ("SCDC") housed in the Lee Correctional Institution ("LCI"). The plaintiff alleges a claim of medical indifference in regard to dental care against defendant Dr. Joseph Ubah. The plaintiff alleges that for five months while he was in SMU, he was denied all dental care. (Compl. 6.)

In his affidavit filed in opposition to the defendant's summary judgment motion, the plaintiff now alleges that since January 2006, he has been suffering gum pain and that Dr. Ubah stated the plaintiff needed a root canal but has refused to perform one. (Docket # 57- Pl.'s Aff. at 1.) The plaintiff alleges Dr. Ubah has stated the only remedy is to pull the tooth which the plaintiff refuses to do. (*Id.*) He further alleges that on August 23, 2007, after he suffered a mouth injury, Dr. Ubah refused to provide him any treatment because of this lawsuit. (*Id.* at 1-2.) The plaintiff is seeking injunctive relief in the form of dental treatment including a root canal and monetary relief. (Compl. 6; Docket Entry # 61 - Pl.'s 2nd Aff. 2.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

2

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

    The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

3

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### DISCUSSION

The plaintiff alleges he was denied all dental treatment while he was in SMU from January through August 2006 and from December 2006 until the present, he has been denied a root canal. He further alleges that on August 23, 2007, after he suffered a mouth injury, Dr. Ubah refused to provide him any treatment because of this lawsuit. (Docket Entry # 57- Pl.'s Aff. at 1-2.)

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment are not cognizable constitutional claims under the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Estelle*, 429 U.S. at 105-06. Claims of medical judgment are not subject to judicial review. *Russell v. Sheffer*, 528 F.2d 318, 318-19 (4th Cir. 1975). Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is

medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Turning to the plaintiff's allegations, the plaintiff alleges that he was denied all dental care while he was in SMU from January to December 2006. The record shows that the plaintiff made four requests to have his teeth cleaned during that time to see a dentist. (Def.'s Mem. Supp. Summ. J. Mot. Attach. 3 - Ubah Aff. Ex. B.)  It was not until August 21, 2006, that the plaintiff requested emergency dental treatment. (*Id*.)  Further, Dr. Ubah states in his affidavit that he was unaware that the plaintiff had requested a dental cleaning or exam during that time. (*Id*.)  Dr. Ubah's dental assistant, Deborah McClary, handles his scheduling and inmate's requests. (*Id*. at ¶ 2.)  Due to the high demand for dental care, inmates who need emergency care are given priority over those requesting routine cleanings and exams.   (*Id.* at ¶ 4.)

Dr. Ubah states that was not aware of the plaintiff's request for dental care until August 21, 2006, when the plaintiff requested emergency dental care. (*Id.* at ¶ 6.)  He states he treated the plaintiff on August 28, 2006, the next day available for treating inmates in SMU. Thus, the record shows that once the plaintiff requested emergency treatment, rather than a routine cleaning, Dr. Ubah examined the plaintiff within a week. The plaintiff has failed to present facts to evince that Dr. Ubah had actual knowledge of a serious medical need and disregarded it.   Accordingly, Dr. Ubah should be granted summary judgment on this claim.

The plaintiff also alleges he has been denied dental treatment based upon Dr. Ubah's refusal to perform a root canal on one of the plaintiff's teeth. The record shows that on August 28, 2006, the plaintiff was seen by Dr. Ubah for a swollen gum. (Def.'s Mem. Supp. Summ. J. Mot. Attach. 3 - Ubah Aff. ¶ 7.) Dr. Ubah diagnosed a minor infection or abscess in tooth #10 and prescribed an antibiotic for the plaintiff. (*Id.*) On September 18, 2006, it was noted that the abscess was resolved. (Id. at ¶ 8.) On December 14, 2006, the plaintiff was seen by Dr. Ubah again complaining of swollen gums. (*Id.* at 9.) Again, he was diagnosed with a minor infection or abscess in tooth #10. At this time, Dr. Ubah informed the plaintiff that tooth #10 could be extracted in the Dental Clinic at LCI or the plaintiff could arrange for a root canal and crown to be performed by a private dentist. (Def.'s Mem. Supp. Summ. J. Mot. Attach. 3 - Ubah Aff. ¶¶ 7-9.) Pursuant to SCDC Policy No. HS-18.13, the SCDC does not provide endodontic canal therapy, crowns, and bridges. Further, this policy provides that "[i]nmates wishing to obtain these services may apply for elective outside care at their own expense." (*Id.* ¶ 11 Ex. A.) Dr. Ubah has also explained that he lacks the necessary equipment at the LCI Dental Clinic to perform a root canal and fit the tooth with a crown. (*Id.*)

The plaintiff has failed to present facts to evince that Dr. Ubah has actual knowledge of and disregard for an objectively serious medical need. In fact, Dr. Ubah has offered the plaintiff a course of treatment, tooth extraction, which the plaintiff has refused.[2] Although

---

[2] In his second affidavit, the plaintiff also alleges that Dr. Ubah has refused to treat him with antibiotics. (Docket Entry # 61 - Pl.'s 2nd Aff. at 2.) The record shows that the plaintiff has been treated numerous times with antibiotics, but he cannot remain on antibiotics indefinitely. (Docket

6

treatment of the plaintiff's tooth with a root canal may be more desirable to the plaintiff than an extraction, denying the plaintiff his preferred treatment does not constitute an Eighth Amendment violation. *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195 (3d Cir. 2007)(holding no deliberate indifference where inmate was denied a root canal and his tooth was extracted); *McQueen v. Karr*, 2002 WL 31688891 (5th Cir. 2002) (finding no Eighth Amendment violation where prisoner argued he was entitled to restorative dental care instead of tooth extraction); *Del Muro v. Fed'l Bureau of Prisons*, 2004 WL 1542216 (N.D.Tex. July 8, 2004) (finding no Eight Amendment violation where prisoner argued he was entitled to crowns and/or a bridge rather than tooth extraction). The plaintiff's allegations rise only to a level of mere disagreement over the treatment he is being offered, which is not an actionable constitutional claim. He has offered no proof that he has not been provided adequate dental treatment, nor has he shown deliberate indifference on the part of the defendant. Accordingly, the plaintiff's claim fails and Dr. Ubah should be granted summary judgment on this claim.

Finally, in his second affidavit opposing summary judgment, the plaintiff alleges Dr. Ubah refused to examine or treat him after he suffered a mouth injury on August 23, 2007. (Docket Entry #57 - Pl.'s Aff. at 1.)   First, this conclusory allegation is insufficient to withstand a summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).  Furthermore, even assuming he was denied treatment, the

---

Entry  # 55 - Def.'s Aff. Ex. C at 2, 4.)

7

plaintiff has not alleged any injury from this incident. Accordingly, Dr. Ubah should be granted summary judgment on this claim.

***Qualified Immunity***

The defendant also claims that he is entitled to qualified immunity. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne,* 526 U.S. 603, 609 (1999). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Id.* If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). As discussed above, the court has determined no right has been violated and thus Dr. Ubah should be entitled to qualified immunity.

**CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (Docket Entry # 53) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 14, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).