UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Koon, | ) | C/A No. 8:06-2000-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Joseph Ubah, LCI Dentist, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Robert Koon, is an inmate of the South Carolina Department of Corrections, housed in Broad River Correctional Institution. At the time he brought this action, he was an inmate at Lee Correctional Institution. Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights under the Eighth Amendment were violated based upon deliberate indifference to dental needs.[1]

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. This matter is before the court on defendant's motion for summary judgment filed August 13, 2007. By order filed August 14, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed an affidavit in opposition to the motion for summary judgment on September 26, 2007. On October 22, 2007, United States Magistrate Bruce H. Hendricks issued a

---

[1] Plaintiff also alleged in his Complaint a First Amendment claim against Jon Ozmint, James Sligh, and Warden Padula. This Court granted the defendants' motion for summary judgment and the case has been dismissed as to those defendants.

1

Report and Recommendation analyzing the issues and recommending that the defendant's motion for summary judgment be granted. Plaintiff filed objections to the report and recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

## Discussion

**Deliberate Indifference to Medical Needs**

Plaintiff has alleged that the defendants were deliberately indifferent to his need for dental care while he was housed in the Special Management Unit (SMU) at Lee Correctional Institution. He alleges in his verified complaint that he had "teeth pain" for five months and needed to have his teeth cleaned and that he suffered from "severe dental pain" for five months. In his affidavit in opposition to the motion for summary judgment, he avers that "since January 2006 I have been suffering severe pain in my gum area that was diagnosed by Ubah as needing a root canal"; that "Ubah stated the only remedy he could provide was to pull my front tooth which I refused;" and that "on August 23, 2007 I received trauma to my mouth and Ubah refused to treat or examine me . . . based on this civil suit."

Defendant Dr. Ubah submitted an affidavit to the Court in support of his motion for summary judgment. In this affidavit, he states that he "was not aware of any requests made by Robert Koon for

3

dental cleanings prior to August 2006"; that he has "since learned of several requests made by Inmate Koon since February 2006, for an appointment for a dental exam and cleaning."[2] However, he states that, since Plaintiff did not mention any emergency dental need at the time, his assistant did not schedule him an appointment under normal procedure which prioritized emergencies. He indicates that the first time Koon submitted an emergency request was on August 21, 2006 and that Koon was seen on August 28, 2006, "which would have been the next available date for SMU inmates to be seen in the Dental Clinic." At the August 28 visit, Dr. Ubah diagnosed Koon with a minor infection or abscess in tooth #10 for which he prescribed an antibiotic. At the follow-up visit on September 18, 2006, the dentist noted that the abscess was "resolved" and he cleaned Koon's teeth. On December 14, 2006, he saw Koon on an emergency visit and diagnosed an abscess in tooth #10. He was again given an antibiotic. Dr. Ubah then discussed with Koon his options of having the tooth extracted at the prison or having a root canal and crown by a private dentist at Koon's expense, pursuant to the policy of the Department of Corrections. He opines that "based upon a reasonable degree of dental certainty, it is my opinion that the extraction of tooth #10 will resolve Inmate Koon's recurring abscess and the discomfort or pain that he is experiencing. Inmate has refused that treatment to date."

The defendant has also filed the affidavit of Donna Curry with the Inmate Medical Records Office with attached medical records.

## ANALYSIS

In the case of *Estelle v. Gamble*, 429 U.S. 91 (1976), the Supreme Court reviewed the Eighth

---

[2] Dr. Ubah attaches to his affidavit a "Sick Call and Dental Request" dated February 26, 2006 requesting a checkup and cleaning-"this is (4th request)"; a handwritten note requesting his teeth be cleaned ("3rd request"); a note dated July 24, 2006 that he needs his teeth cleaned; and a handwritten note noted received on August 21, 2006, stating "dental emergency".

Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id*. quoting *Gregg v. Georgia*, 428 U.S. 153, 169-173 (1976). The Court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103-1005 (Footnotes and internal citation omitted). Despite finding that "deliberate indifference to serious medical needs" was violative of a constitutionally protected right, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

The Fourth Circuit Court of Appeals has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851 (internal citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*; *supra*; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

In order to establish a prima facie case under the Eighth Amendment, plaintiff must show that, objectively assessed, he had a "sufficiently serious" medical need to require treatment." *Brice v. Virginia Beach Correctional Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995). "A medical need is 'serious' if it

is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (*quoting Monmouth Co. Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Estelle*, *supra*. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 74 U.S. 344, 345-48 (1986); *Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 38 (4th Cir. 1995). Additionally, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200-03 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Estelle, supra*, at 106.

"Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan 1986).

Under the above standards, the Court agrees with the Magistrate Judge that the facts alleged by the plaintiff do not rise to the level of an Eighth Amendment violation. As noted, the plaintiff simply disagrees with the treatment option which has been offered by the defendant. Additionally, the

defendant dentist would be entitled to qualified immunity.

Plaintiff's remaining objections appear to be in the nature of a motion to amend his complaint, motion to appoint counsel, and motion to appoint an expert witness, which are denied as untimely and without merit.[3]

Plaintiff has also filed a motion to require Jon Ozmint to provide outside dental care. However, defendant Ozmint has already been dismissed as a party defendant and as such no relief is available against him herein.

## Conclusion

After a review of the record before it, the court overrules all objections, adopts the Report and Recommendation of the Magistrate Judge, and incorporates it herein. For the reasons stated therein and in this order, defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

March 17, 2008
Florence, SC

---

[3] Plaintiff also alleges in his objections that a motion to compel has not been ruled upon by the Court. However, the docket reflects no pending motions to compel.

7