IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Koon, | C/A No. 8:06-2000-RBH |
| Plaintiff, | |
| | **O R D E R** |
| vs. | |
| Jon Ozmint, James Sligh, Warden Padula, and Joseph Ubah, LCI Dentist, | |
| Defendants. | |

The Plaintiff, *pro se*, instituted this action pursuant to 42 U.S.C. § 1983 on July 12, 2006, contending that SCDC Policy No. OP-22.12, section 31, limiting access to books and magazines was violative of the First Amendment. This court adopted the Report and Recommendation by the Magistrate Judge and granted the Motion for Summary Judgment by defendants Ozmint, Sligh, and Padula on the basis that the policy does not violate the First Amendment in that it is reasonably related to a legitimate penological interest.[1]  Plaintiff filed an interlocutory appeal regarding this order and the appeal was dismissed by the Fourth Circuit for failure to prosecute. This Court issued an order on March 17, 2008 granting the defendant Dr. Ubah's motion for summary judgment on the basis of deliberate indifference to his dental needs.  Plaintiff appealed this order and the Fourth Circuit affirmed the order on June 24, 2008.

---

[1] The motion for summary judgment was also granted on the plaintiff's claim for deliberate indifference to his medical needs against defendants Ozmint, Sligh, and Padula.  The case against defendant Dr.Ubah was recommitted to the Magistrate Judge for further proceedings.

1

This matter is before the court on plaintiff's Motion for Relief from Judgment filed pursuant to Fed. R. Civ. P. 60(b)(3), docket entry #69. In his motion, the plaintiff contends that he should be relieved from the judgment entered in favor of defendants Ozmint, Sligh, and Padula on the basis of "new evidence" of fraud or misconduct by the opposing party. Specifically, he contends that an affidavit was filed in support of the motion for summary judgment by Robert Ward in which Mr. Ward committed perjury by stating that inmates were now being allowed to have media and books. Plaintiff has submitted an affidavit in support of his motion in which he alleges that no inmates in the Special Management Unit have access to any news materials.

A Rule 60(b) motion should be granted only in "exceptional circumstances." *Dowell v. State Farm & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). "[T]o prevail on a 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case. After proof of these elements, 'the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (internal quotation omitted), *citing Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981).

The Court has reviewed the matter and finds the motion to be without merit. The Affidavit of Robert Ward states that inmates in SMU may have access to one primary religious book and his legal materials. "In addition, an SMU inmate is permitted to possess one book or magazine which must be obtained through Library Services. By policy, the inmate is required to turn in one book or magazine in order to receive from Library Services a new book or magazine." (Docket Entry #18-3). The

Affidavit does not state that inmates at the SMU will be allowed to order media through the mail or to have unlimited access to media but clearly states that media must be checked out from Library Services. The Court finds no evidence of misrepresentation by Ward. Therefore, the motion to reopen is denied. Plaintiff's motion to appoint counsel is also denied.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 26, 2008
Florence, South Carolina